J-A18044-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
BENJAMIN SCHRAGGER, :
:
Appellant : No. 3816 EDA 2017

Appeal from the PCRA Order November 9, 2017
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001091-2004
CP-39-CR-0003747-2003
CP-39-CR-0003748-2003

BEFORE:  STABILE, J., STEVENS,* P.J.E., and STRASSBURGER,** J.

MEMORANDUM BY STRASSBURGER, J.:        **FILED OCTOBER 10, 2018**

Benjamin Schragger (Appellant) appeals from the November 9, 2017 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court provided the following background.

> On August 23, 2004, [Appellant] entered guilty but mentally ill pleas in the above-captioned matters to two counts of rape, two counts of involuntary deviate sexual intercourse, one count of indecent assault, and six counts of corruption of minors.  [A]ppellant, who was a prominent member of a medieval reenactment group known as the "Society for Creative Anachronism," sexually abused nine boys and two girls, most of whom were under his supervision pursuant to the group's activities.  The abuse occurred between 1997 and 2003 on a farm belonging to [A]ppellant's parents, where he also resided.

---

* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

PCRA Court Opinion, 1/29/2018, at 1 (unnecessary capitalization, footnotes, and parenthetical numbers omitted).

On February 16, 2005, Appellant was found to be a sexually violent predator (SVP) and was sentenced to an aggregate term of 31 ¼ to 62 ½ years of incarceration. Appellant did not move to withdraw his guilty plea or file a notice of appeal.

On April 14, 2015, Appellant *pro se* filed a petition for modification of sentence *nunc pro tunc*, which the PCRA court treated as Appellant's first PCRA petition, and appointed counsel. On May 24, 2016, this Court affirmed the PCRA court's dismissal of Appellant's PCRA petition. ***Commonwealth v. Schragger***, 151 A.3d 1157 (Pa. Super. 2016) (unpublished memorandum).

On August 29, 2017, Appellant filed a subsequent PCRA petition which is the subject of this appeal, alleging, *inter alia*, that he is entitled to relief pursuant to ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).[1] PCRA Petition, 8/29/2017, at 2. The PCRA court dismissed Appellant's PCRA petition on November 9, 2017.

This timely-filed appeal followed.[2] On appeal, Appellant raises three issues for our review: (1) whether applying SORNA to Appellant violates the

---

[1] In ***Muniz***, our Supreme Court held that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution.

[2] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

*ex post facto* clauses of the Pennsylvania and United States constitutions; (2) whether Appellant's plea was voluntary; and (3) whether Appellant's sentences should have merged for sentencing purposes. Appellant's Brief at 4. Before reaching the merits of Appellant's claims, we must first consider whether Appellant has timely filed his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant was sentenced on February 16, 2005. He did not file a direct appeal. Thus, his judgment of sentence became final 30 days later, on March 18, 2005, and he had one year, or until March 20,

2006,[3] to file timely a PCRA petition. Thus, Appellant's August 29, 2017 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

In his petition, Appellant attempts to plead the third timeliness exception, the new retroactive right exception,[4] by invoking *Muniz*.[5] PCRA Petition, 8/29/2017, at 2. This Court considered whether *Muniz* applies under similar circumstances in *Commonwealth v. Murphy*, 180 A.3d 402

---

[3] *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday…, such day shall be omitted from the computation.").

[4] This exception provides as follows.

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> ***
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).

[5] In his reply brief to this Court, Appellant attempts to plead another timeliness exception, the newly-discovered facts exception, based upon "[t]he breach of Appellant's plea agreement" when SORNA was applied to him. Appellant's Reply Brief at 10, *citing* 42 Pa.C.S. § 9545(b)(1)(ii). This argument was not raised before the PCRA court, and thus it is waived. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) ("[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal.").

(Pa. Super. 2018). In that case, Murphy was convicted of a number of sex-related crimes in 2007, and after review, his judgment of sentence became final on July 28, 2009. On October 18, 2017, while a serial PCRA petition was pending in this Court, Murphy filed a motion asserting that *Muniz* rendered portions of his sentence unconstitutional. This Court considered that argument and offered the following.

> Here, we acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on *Muniz* to meet th[e third] timeliness exception.

*Murphy*, 180 A.3d at 405–06 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in *Muniz* does not apply at this point to untimely-filed PCRA petitions. This Court acknowledges that "if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Murphy can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception in [sub]section 9545(b)(1)(iii)." *Murphy*, 180 A.3d at 406 n.1. The same holds true for Appellant.

Based on the foregoing, we conclude that Appellant's petition was filed untimely, and he has not asserted an exception to the timeliness

requirements. Thus, he is not entitled to relief. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18